## Frank J. Hathway, Appellant, v. Cassius F. Smith, Appellee.

### Gen. No. 19,247.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed May 21, 1914.

### Statement of the Case.

Action by Frank J. Hathway against Cassius F. Smith, of the first class, in contract, in the Municipal Court of Chicago, to recover the sum of $12,500 for commissions due plaintiff for procuring a purchaser for all the capital stock of the Ocmulgee River Lumber Company, a corporation doing business at Lumber City, Georgia, which purchase was not consummated, it is claimed, on account of misrepresetnations of the defendant, and his failure to deposit said stock in escrow as agreed.

Two jury trials have been had. The first resulted in a verdict in favor of plaintiff for $12,500. A new trial was granted. At the conclusion of all the evidence introduced by both parties at the second trial, the court, on motion of defendant, directed the jury to return a verdict finding the issues against the plaintiff. From a judgment entered on the verdict, plaintiff appeals.

ARCHIBALD CATTELL and CARL A. WALDRON, for appellant.

HARRY A. BIOSSAT, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 93*—*when plaintiff's evidence sufficient to require submission of questions to jury.* In an action to recover commissions for procuring a purchaser for all the capital stock of a corporation of which the defendant was president, evidence introduced by plaintiff *held* sufficient to go to the jury on the questions whether defendant made false representations as to the property and as to his ability to deliver all the stock, whether plaintiff relying on such representations had obtained a purchaser ready and willing to buy the property upon the stipulated terms and upon the basis that defendant's representations were approximately true, and whether the defendant was in default on his contract with plaintiff, and the action of court in directing a verdict for defendant *held* error.

2. EVIDENCE, § 338*—*when parol evidence admissible.* Where an agreement in writing is expressed in short and incomplete terms, parol evidence is admissible to explain that which is *per se* unintelligible, such explanation not being inconsistent with the written terms.

3. EVIDENCE, § 359*—*when parol evidence admissible.* Although it is not competent to contradict or enlarge the terms of a written agreement by parol evidence, it is competent to resort to parol evidence in order to ascertain the nature and qualities of the subject to which the instrument refers.

4. EVIDENCE, § 185*—*when declarations of agent admissible.* Relevant declarations of an agent, provided they are within the scope of his authority and in the course of the negotiations to which they refer, but not otherwise, are admissible in evidence against the principal.